```
 1                  UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
 2

 3   _____

 4   UNITED STATES OF AMERICA,

 5                    Plaintiff,        Criminal Action
                                        No. 14-10298-DJC
 6   V.
                                        March 27, 2015
 7   EDMOND ALEXANDRE,
                      Defendant.
 8   _____

 9

10

11           TRANSCRIPT OF STATEMENT OF REASONS

12          BY THE HONORABLE DENISE J. CASPER

13             UNITED STATES DISTRICT COURT

14           JOHN J. MOAKLEY U.S. COURTHOUSE

15                   1 COURTHOUSE WAY

16                   BOSTON, MA  02210

17

18

19

20
                    DEBRA M. JOYCE, RMR, CRR
21                    Official Court Reporter
                   John J. Moakley U.S. Courthouse
22                  1 Courthouse Way, Room 5204
                          Boston, MA  02210
23                     joycedebra@gmail.com

24

25
```

```
 1                  *  *  *  *  *  *  *  *  *  *
 2            THE COURT:  I thank counsel for their respective
 3   recommendations here, and I've had a chance to consider them,
 4   along with all of the written materials I had indicated I had
 5   reviewed before this hearing.
 6            Mr. Alexandre, in determining what a reasonable
 7   sentence would be here, I have to consider and weigh a number
 8   of factors, including, but not limited to, the advisory
 9   guideline sentencing range that you heard me discuss with
10   counsel on both sides; the nature and circumstances of the
11   crime that you committed here; your personal history and
12   background; and the need for the sentence to do many things:
13   reflect the seriousness of the offense, promote respect for the
14   law, and provide just punishment and adequate deterrence, and
15   all of the factors under Title 18 United States Code 3553(a).
16             First, sir, in regards to your crime, I think your
17   counsel was right not to understate, certainly, the seriousness
18   of it.  Your actions on this flight, an international flight, a
19   nonstop flight, caused a disruption and I'm sure anxiety among
20   not just the passengers, but the flight crew involved, and, as
21   you know, resulted in diversion of the flight, inconvenience to
22   several hundred passengers, as well as increased cost to the
23   airline who had to divert the flight.  It led to that sequence
24   of events, which Mr. Shine is right to point out, are serious
25   circumstances.
```

1          That having been said, I'm going to come back to this
2   issue.  I do take Mr. Hanye's point that the consequences
3   aren't necessarily reflective of your intent, and I've
4   considered that fact in considering what an appropriate
5   sentence would be here.
6          Mr. Alexandre, I've also considered your personal
7   background.  I know and I've heard from your counsel and from
8   you that you're 61, you're of Haitian dissent, I think living
9   in Paris now.  It appears that you have a regular work history
10  in landscaping, and you certainly have no criminal history to
11  speak of that I have before me now.
12         I also note significantly that you were suffering from
13  a medical condition on the day of the crime that you committed
14  here, and I've taken great note of the letter from the doctor
15  at MGH in regards to this matter, and not simply that your
16  blood sugar was low, but that you had been missing two days of
17  insulin and you required immediate treatment and
18  hospitalization.  I also take note of the fact that the doctor
19  commented on the effect that this condition can have on
20  judgment and on behavior.
21         I've also considered the advisory guideline sentencing
22  range, which, as I said before, I think has been correctly
23  scored so that the sentencing range is in the lowest possible
24  range of zero to six months.  It's also within a zone that even
25  under the guidelines I can consider a probationary sentence or,

1   if I do consider a sentence of incarceration, one that is
2   recommended to be between zero and six months.
3       Finally, sir, I've considered all of the goals of
4   sentencing that I mentioned at the outset.  I do think there is
5   an important deterrent effect that needs to be reflected in any
6   sentence I impose, including the sentence I impose here, but I
7   do think there is a great deterrent effect in the fact that you
8   were criminally charged in federal court and have pled guilty
9   to a federal felony, and I do think that just punishment here
10  will be reflected in all of the components of the sentence I'll
11  impose.
12      I don't think, Mr. Shine, that your recommendation is
13  outside of the realm of possible sentences I should consider
14  here, but I cannot say that it's a sentence that's not greater
15  than necessary, given all of the considerations I have to make
16  about Mr. Alexandre's personal situation, as well as the
17  circumstances of the crime that he committed under 3553(a).
18      With that said, sir, I am going to impose a sentence
19  of time served, one year supervised release, a $1,000 fine, and
20  I am going to impose restitution of $6,303, to the extent
21  that's discretionary, I do think that's reasonably foreseeable,
22  I think the amount is reasonably calculated, and I did also
23  consider the cases that Mr. Shine cited in his memo in regards
24  to the imposition of restitution in similar circumstances,
25  along with your arguments as well.  But I do impose that amount

```
 1   of restitution.  I also impose the mandatory $100 special
 2   assessment.
 3                     *   *   *   *   *   *   *   *   *   *
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```